UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-300-H

THERESA LYNN TAYLOR                                                        PLAINTIFF

V.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

**MEMORANDUM OPINION**

       Theresa L. Taylor filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability insurance benefits. At issue is whether the administrative law judge erred in determining that Ms. Taylor retains the residual functional capacity to perform certain types of light work. After reviewing the Administrative Record, the Court finds that the Administrative Law Judge's determination was supported by the evidence and will therefore affirm the decision of the Commissioner of Social Security.

**I.**

       Ms. Taylor asserts she is disabled because of back problems, high blood pressure and diabetes.[1] She first applied for disability insurance benefits in April 2008, alleging she became disabled approximately one year earlier.[2] She did not concurrently file an application for supplemental security income benefits.[3]

       After her application and subsequent request for reconsideration were denied, Ms. Taylor requested a hearing before an Administrative Law Judge.[4] After considering testimony of Ms.

---

[1] Admin. R. at 121-22 (docket no. 11)(hereinafter "R. at ___").
[2] *Id.*
[3] *Id.*
[4] R. at 107-118.

Taylor and of a vocational expert present at the hearing,[5] as well as the other evidence in the record, the Administrative Law Judge found that Ms. Taylor suffers from several physical and emotional impairments that he deemed severe within the meaning of the regulations (*i.e.*, they had significantly affected her ability to perform basic work activities for a period of twelve months or more).[6] He did not, however, find that her back problems were a severe impairment, and determined that her combination of impairments still left her able to perform certain light work.[7] Ms. Taylor disagreed with his determination and timely filed appeals at the administrative level and to this Court.[8]

Ms. Taylor alleges in her complaint and in her Fact and Law Summary that the Administrative Law Judge erred when he determined she was not disabled.[9] She specifically asserts that his findings were not supported by substantial evidence in the record, and asks this Court to overturn his decision and reconsider her claim based on the existing record, plus additional records recently submitted as part of this appeal.[10] Those records document Ms. Taylor's post-hearing treatment by physicians, physical therapists, and psychiatrists associated with the University of Louisville.[11] They were not part of the record before the Administrative Law Judge at the time he issued his opinion because they had not yet been created. Consequently, this Court cannot evaluate the merits of Ms. Taylor's complaint until it determines whether the Administrative Law Judge should have an opportunity to review Ms. Taylor's post-hearing records and reconsider his findings accordingly.

---

[5] R. at 30-61.
[6] R. at 20.
[7] R. at 20-25.
[8] R. at 14; *see also* Pl's. Complaint (docket no. 1).
[9] *See* docket nos. 1 and 13.
[10] *See* docket no. 15.
[11] *Id.*

**II.**

Because Ms. Taylor has presented evidence that was not considered by the Administrative Law Judge below, this Court may remand this case for further proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g), which permits a district court to direct the Commissioner to reconsider his decision after reviewing new and material evidence that a claimant had good cause for not including in the original administrative record. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.,* 447 F.3d 477, 483 (6th Cir.2006).  Of the additional pages Ms. Taylor filed with this Court on November 30, 2011, all but the last two document treatment received several months after the administrative law judge's decision and the subsequent denial of her appeal by the Appeals Council.[12]  Good cause therefore exists as a matter of law for Ms. Taylor's failure to include those records among the documents presented to the Administrative Law Judge, simply because they did not exist at the time of the administrative hearing.  *See Wilson v. Sec'y of H.H.S.,* 733 F.2d 1181, 1182–83 (6th Cir.1984) (overturning a district court's finding of no good cause for failure to provide evidence to the administrative law judge, where the medical records documented treatment received after the administrative hearing).  For the same reason, the evidence is also "new."  *See Hollon,* 447 F.3d at 484–85 (including in definition of "new evidence" evidence that was not in existence at the time of the administrative proceeding).  Consequently, the only issue requiring this Court's analysis is whether Ms. Taylor's newly-submitted evidence is material.

---

[12] The last two pages contain a list of the medicines Ms. Taylor was taking as of July and October 2009, and a treatment record dated July 21, 2009, from Dr. John Lach at Norton Healthcare.  *See* docket no. 15, Ex. 2 at 45-46.  Dr. Lach documented Ms. Taylor's complaints of severe back pain but, after reviewing her records, recommended stretching exercises and did not order any imaging or a surgical consultation.  *Id.* at 45.  Although this record was created before the Administrative Law Judge issued his opinion, and contradicts his finding that Ms. Taylor did not consult any physicians about her back problems, there is nothing in it or the list of medications that contradicts any of the Administrative Law Judge's observations or findings regarding the severity of her back problems.

Ms. Taylor argues that the records of her post-hearing treatment are material because they contradict the Administrative Law Judge's determination that she is able to perform certain light work. This fact alone does not make the evidence material, however. Evidence is material for purposes of a Sentence Six remand only if there is "a reasonable probability" that it would have led the Administrative Law Judge to reach a different determination. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001)(citing *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir.1988)). The Court has reviewed each record submitted by Ms. Taylor and finds that none of the records are, either individually or in combination, material.

As noted above, the Administrative Law Judge determined that Ms. Taylor suffered from several severe impairments, but did not include back pain among them. As the Administrative Law Judge observed: (1) the record available to him contained no evidence of "spine pain" or nerve root compression, (2) the existing radiological reports showed no significant findings other than degenerative changes, (3) the record contained no other clinical findings by medical examination or imaging reports that supported Ms. Taylor's subjective complaints, (4) Ms. Taylor sought treatment with a chiropractor instead of a physician, and (5) Ms. Taylor's condition might improve with physical therapy.[13] Had the documents recently filed by Ms. Taylor been part of the administrative record, the Administrative Law Judge would not have made the last two observations, because her post-hearing treatment for her back pain was with a physician[14] and included physical therapy.[15] Nevertheless, the new records would not have addressed or eliminated the Administrative Law Judge's central concern that there exists no

---

[13] R. at 21-24.
[14] *See* docket no. 15, Ex. 1 at 29, and Ex. 2 at 1-16.
[15] *See* docket no. 15, Ex. 1 at 2-16, and Ex. 2 at 34-36, 38-39.

objective clinical finding supported by radiological or other imaging to support her subjective complaints regarding the severity of her lower back pain.[16]

To the contrary, the new records bolster the Administrative Law Judge's concerns. The physicians she saw after the hearing diagnosed the source of Ms. Taylor's pain as muscle spasms and did not suggest a possible surgical treatment, only physical therapy and a TENS unit.[17] Ms. Taylor attended physical therapy sessions, but her therapist quickly deemed them unsuccessful despite medical expectations, and recommended further evaluation to determine whether there might exist a non-medical reason for Ms. Taylor's pain.[18] The new records contain no imaging records or orders therefor, and contain only limited medical support for the existence of Ms. Taylor's symptoms. None provide objective medical evidence supporting her statements with respect to the severity or physically limiting effect of her pain. Accordingly, there is no "reasonable probability," *see Foster, supra*, that the Administrative Law Judge would have reached a different determination with respect to Ms. Taylor's back pain, even if her post-hearing treatment records were available to him.

This Court concludes that Ms. Taylor has not met her burden of establishing that a Sentence Six remand is appropriate, and will not remand this matter for consideration of the records she recently filed, but will instead evaluate the merits of her appeal.

### III.

The Administrative Law Judge determined that Ms. Taylor had the residual functional capacity to perform light unskilled work.[19] He did not deem her subjective complaints regarding her back pain to be credible, but he nonetheless afforded her "the benefit of the doubt" and imposed certain additional exertional, postural, and environmental limitations due to her

---

[16] R. at 21-24.
[17] *See* docket no. 15, Ex. 1 at 1, and Ex. 2 at 15.
[18] *See* docket no. 15, Ex. 1 at 2-16.
[19] R. at 21, 25.

5

"cervical spine problems."[20] Ms. Taylor's statements in her Complaint, when read in conjunction with her Fact and Law Summary and construed liberally because she is proceeding without counsel, contain two principal objections to these findings: (1) the Administrative Law Judge improperly rejected her statements regarding the severity of her pain and its effect on her daily activities, and (2) the Administrative Law Judge's assessment of her residual functional capacity was not supported by the other evidence in the record.[21]

When evaluating the merits of Ms. Taylor's allegations, this Court may not substitute its judgment entirely for that of the Administrative Law Judge's, or resolve evidentiary conflicts in evidence, or decide questions of credibility. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984). Rather, this Court must affirm the conclusions of the Commissioner of Social Security unless the administrative law judge failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jordan,* 548 F.3d at 422 (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).

Although Ms. Taylor challenges the Administrative Law Judge's assessment of her credibility with respect to the severity of her back pain and his ultimate conclusion regarding her disability status, this Court's resolution of both seemingly different issues depends on one central determination: whether the Administrative Law Judge's analysis was sufficiently supported by the evidence in the record. This is so because review of an administrative law judge's judgment regarding the credibility of a plaintiff's subjective complaints is extremely circumscribed. The

---

[20] R. at 22-23.

[21] Ms. Taylor also expresses concern that the transcript of the hearing contains the following notation "- -" on several pages, which she believes establishes that some of her testimony was excluded from the transcript and therefore not fully and accurately documented. The Court has reviewed the transcript, however, and finds that the "- -"notation was used when one person's speech was interrupted by another's, and is not indicative of the reporter's failure to fully capture any of the witnesses' testimony.

6

Court is not permitted to make independent credibility determinations based on its review of the hearing transcript. *See Walters v. Comm'r Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). If a reasonable mind could accept the evidence relied upon by the administrative law judge as adequate to support the challenged conclusion, this Court cannot reject it, even if there exists evidence that could support a decision the other way. *See Cotton v. Sec'y Health & Human Servs.,* 2 F.3d 692, 695 (6th Cir. 1993). Discounting a claimant's credibility to a certain degree is appropriate where an administrative law judge finds contradictions among the medical reports, claimant's testimony about her household or social activities, and other evidence. *Walters,* 127 F.3d at 532 (citations omitted). Yet, an administrative law judge's credibility determination must always find support in the administrative record. *See* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (An administrative law judge may not make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility."). Thus, the question for this Court is whether the Administrative Law Judge's explanations regarding Ms. Taylor's credibility are consistent with the entire record, *Rogers v. Comm'r Soc. Sec.,* 486 F.3d 234, 248 (6th Cir. 2007). The same is true with respect to the Administrative Law Judge's assessment of Ms. Taylor's residual functional capacity.

## A.

The Court concludes that the Administrative Law Judge's conclusions regarding the discrepancy between Ms. Taylor's subjective testimony regarding her back pain and the objective medical documentation are adequately supported by the record as a whole. Ms. Taylor's treatment notes and other medical evidence establish that Ms. Taylor's complaints of back pain had been persistent and chronic as of the date of the hearing,[22] but none of the imaging reports or medical evaluations suggested any impingement on her nerves that might be caused by

---

[22] R. at 183-239, 331-338.

a degradation of her spine or alleviated by a surgical response.[23] Two non-surgical options were suggested (physical therapy and weight loss), but Ms. Taylor had not yet pursued either as of the date the Administrative Law Judge issued his opinion. Moreover, both her treating chiropractor and the state agency consulting physician noted that Ms. Taylor's subjective complaints of pain were not fully supported the objective medical evidence and analysis.[24]

In addition, the Administrative Law Judge also noted that Ms. Taylor "described daily activities which are not limited to the extent one would expect, given her complaints of disabling symptoms and limitations."[25] He observed that, among other things, she "could perform some photography and use a computer."[26] Ms. Taylor specifically objects to this statement and notes that she testified that she did not "perform photography" but instead edited photos on her computer, which she did not do regularly, but only when her pain was not too bad.[27] Similarly, she asserts that the Administrative Law Judge's opinion did not fully reflect her testimony that her ability to perform other activities deemed significant by the Administrative Law Judge (*i.e.,* driving and performing housework) were also limited by her pain.[28] While Ms. Taylor is correct that she clearly testified that all of her daily activities were materially limited by her back pain,[29] that is not sufficient to warrant remand.

A claimant must present more than his subjective complaints of disabling symptoms in order to establish the existence of a disability. *See* 20 C.F.R. § 404.1529 ("statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings...."); SSR 96–7p ("No symptom or combination of symptoms can

---

[23] R. at 241, 306-307, 309.
[24] R. at 242, 264, 366, 368-69.
[25] R. at 23.
[26] R. at 23.
[27] Pl's Fact and Law Summ. at 2.
[28] R. at 12.
[29] R. at 36-42.

be the basis of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."). Here, the Administrative Law Judge discussed all the relevant evidence of record and identified the requisite factors affecting Ms. Taylor's credibility.[30] Contrary to Ms. Taylor's argument, the Administrative Law Judge properly considered Plaintiff's subjective complaints, but described in accurate detail the lack of corroborating medical analysis or laboratory findings, and therefore reasonably found Ms. Taylor's complaints regarding the severity of her pain not fully credible or supported by the record.[31]

**B.**

For many of the same reasons already identified, the Court also finds that the Administrative Law Judge's opinion regarding Ms. Taylor's residual functional capacity is supported by the substantial evidence in the record. Ms. Taylor challenges only the Administrative Law Judge's determinations that her back pain did not meet the regulatory definition of "severe" and that she retained the residual functional capacity to perform light work.

Although the Administrative Law Judge found that the evidence did not support Ms. Taylor's claims of disabling back pain, or support a finding that her back problems met or equaled a Listed Impairment, he did not discount her subjective complaints entirely.[32] He found that her back pain (among other impairments) prevented her from returning to her former types of employment.[33] He also imposed significant postural and exertional limitations on her residual functional capacity that were consistent with the state-agency examining physician's analysis of

---

[30] R. at 22-24.
[31] *Id.*
[32] R. at 21-24.
[33] R. at 24-25.

9

Ms. Taylor's back pain.[34] Similarly, the Administrative Law Judge did not reject entirely the opinions of Ms. Taylor's treating chiropractors,[35] but appropriately noted that the opinions of chiropractors are not afforded the same weight as medical doctors, and contrasted her three chiropractors' opinions to those of the state-agency examining physician,[36] and the other evidence in the record.[37] In sum, none of the evidence in the Administrative Record, which was discussed and properly weighted by the Administrative Law Judge, supports a finding that Ms. Taylor's back problems rendered her disabled from performing any work or from making a successful transition from her former types of employment to another job that exists in the national economy. The Court therefore concurs with the Administrative Law Judge's determination that Ms. Taylor failed to meet her burden of proving that she is disabled within the meaning of the applicable regulations, and finds no error in his determination that she retains the residual functional capacity to perform certain types of light work. *See* 20 C.F.R. § 404.1520; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008).

## V.

Having reviewed the Administrative Law Judge's opinion, and the evidence in the Administrative Record, this Court finds no factual or legal error in his analysis. As there is no error of law and substantial evidence exists to support the ALJ's determination, the decision of the Commissioner must be affirmed for the reasons stated above. The Court will enter an appropriate Order concurrently with this Opinion.

**DATE:**

---

[34] R. at 24, 242.
[35] R. at 222-24, 366-371, 382-83.
[36] R. at 241-42.
[37] R. at 21-24.

cc:  Ms. Theresa L. Taylor, *pro se*
    U.S. Attorney's Office (JHB)